## ROBINSON *v.* ISENHOWER, ADMINISTRATOR.

DECEDENTS' ESTATES.—*Executor de Son Tort.*—To a suit by an administrator, charging that the defendant converted to his own use five hundred dollars of money left by the decedent, the defendant answered that he had loaned the identical money to the decedent, who had it on hand at the time of his death; that his widow at the time of his death took possession of the money, and represented to the defendant that she would take out letters of administration, and requested him to take back said money and deliver to her the note the deceased had given him therefor, which he did. The answer did not state whether or not the estate was solvent or insolvent, nor was it pleaded as a set-off. *Held,* that the answer was insufficient.

From the Greene Circuit Court.

*E. E. Rose* and *J. D. Alexander*, for appellant.

*J. R. Isenhower* and *H. Burns*, for appellee.

DOWNEY, J.—The appellee, as administrator of the estate of John G. Jamison, deceased, sued the appellant, alleging in his complaint that in January, 1873, he was duly appointed administrator *de bonis non* of the estate of said deceased,

by the common pleas court of the county of Greene, and filed his bond and duly qualified as such, etc.; that on the 17th day of October, 1871, the deceased died the owner and in possession of five hundred dollars in money; that about the 1st day of December, 1871, the defendant, Walter A. Robinson, unlawfully and without right intermeddled with and took possession of said five hundred dollars, and converted the same to his own use and benefit.

To this complaint the defendant answered, that in 1871 he loaned to the said deceased the five hundred dollars mentioned in the plaintiff's complaint, and the deceased executed to him his note therefor; that at the time of the death of the deceased, he had in his possession the identical money which defendant had loaned him; that his widow, at the time of his death, took possession of the same, and represented to the defendant that she would take out letters of administration on said estate, and requested the defendant to take said money and deliver to her the note so taken by defendant from the deceased; that the defendant thereupon took said money and delivered to the widow said note, which is the taking and conversion mentioned in the plaintiff's complaint.

The plaintiff demurred to the answer, on the ground that the same did not state facts sufficient to constitute a defence to the action. The court sustained the demurrer, and held that the answer was insufficient. Final judgment was rendered against the defendant.

This ruling of the court is assigned as error.

Counsel for the appellant contend that the widow was an executor *de son tort*, but that the appellant was not, nor was he in any way liable on account of having taken the money from the widow and given up the note to her. We do not think this position, so far as it relates to the appellant, can be sustained. That the widow, under such circumstances, would be liable, we do not doubt. But we can not think the appellant is not also liable. If the widow only were liable, and she should be insolvent, creditors of a deceased party

would have no available remedy when she had disposed of the estate to other creditors. We can not think that our statute on the subject, 2 G. & H. 488, sec. 15, should be so construed. *Leach* v. *Prebster*, 35 Ind. 415. There can be ·no doubt but that the money in question was the property of the deceased, notwithstanding it had been but recently bor.rowed by him of the appellant, and the same money was yet in his hands. It does not appear whether the estate is solvent or insolvent. Had the appellant shown that the estate .was solvent, we need not decide what would have been the .rule. Nor need we decide what right of retainer the appel'lant might have had on account of his being a creditor of .the deceased, had he set up such a claim. The fact that the widow promised that she would take out letters of administration can not change the nature of the case.

The judgment is affirmed, with costs.